IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

KELLY LEIBFRIED INDIVIDUALLY AND AS
SPECIAL ADMINISTRATOR OF THE ESTATE
OF CHARLES LEIBFRIED and
SENTRY INSURANCE, A MUTUAL COMPANY

    Plaintiffs,

                                                                   Case no. 20-1874

v.

CATERPILLAR, INC.

    Defendant.

_____

## COMPLAINT
_____

Plaintiffs Kelly Leibfried, individually and as special administrator of the Estate of Charles Leibfried, and Sentry Insurance, A Mutual Company, for their complaint against the above-named defendant, states:

### PARTIES

1. Plaintiff Kelly Leibfried ("Kelly Leibfried") is an adult resident of Wisconsin.

2. Plaintiff Estate of Charles Leibfried ("the Estate") is an estate opened in the Jefferson County, Wisconsin, Circuit Court. Kelly Leibfried is the Special Administrator of the Estate.

3. Plaintiff Sentry Insurance, A Mutual Company ("Sentry") is incorporated under the laws of Wisconsin. Its principal place of business is located at 1800 North Point Drive, Stevens Point, Wisconsin. Its officers direct, control, and coordinate the company's activities from Wisconsin.

4. Defendant Caterpillar, Inc. ("Caterpillar") is incorporated under the law of Delaware. Its principal place of business is located at 510 Lake Cook Road, Suite 100, Deerfield, Illinois. Its officers direct, control, and coordinate the company's activities from Illinois. Its registered agent for service of process is CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, Wisconsin.

## JURISDICTION AND VENUE

5. The amount in controversy is over $75,000.00

6. This court has subject matter jurisdiction over this matter under 28 U.S.C. §1332 because all plaintiffs are citizens of a state (Wisconsin) diverse from the states in which the defendant is incorporated (Delaware) and its principle place of business (Illinois).

7. This court has personal jurisdiction over the defendant because it has purposefully availed itself to the benefit of the laws of this judicial district by regularly transacting and/or conducting significant business in the State of Wisconsin.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to this claim, and the property involved, were located in Milwaukee County, Wisconsin.

## FACTS

9. Caterpillar designed, engineered, manufactured, introduced into the stream of commerce and sold a 2015 Caterpillar 745C Articulated Truck, VIN TFK00403, equipment #1257 ("the truck").

10. Caterpillar designed the truck with a Roll Over Protection System ("the ROPS"). The purpose of the ROPS is to protect the truck's operator in the event the truck rolls over.

11. On January 10, 2018, Charles Leibfried (husband of Kelly Leibfried), as an employee of New Berlin Grading, Inc., was operating the truck at the Waste Management Metro Recycling and Disposal Center, 10712 S. 124th Street, Franklin, Wisconsin.

12. While Charles Leibfried was operating the truck, it rolled over.

13. Rather than protecting Charles Leibfried, the purpose for which the ROPS was designed, the ROPS failed and collapsed.

14. As a result of the ROPS' failure and collapse, Charles Leibfried suffered, and was subjected to the following:

   a. While he was seated in the truck's operator's seat, the ROPS failed and collapsed, causing the weight of the truck to compress his body at his chest and fold his body at his neck.

   b. The weight of the truck folding his neck blocked his upper airway, preventing him from breathing.

   c. During the rollover, the open cab filled with debris and dirt, burying his head and chest.

   d. As a result of the weight of the truck on his torso, his neck broke. This resulted in his arms and legs being paralyzed, making it impossible for him to extract himself from the cab.

   e. The pressure exerted on him as a result of the ROPS's failure was so severe that it caused petechiae to appear on his body, such pressure causing blood to back up into his head.

   f. Ultimately, unable to move and unable to breathe, Charles Leibfried slowly suffocated for several minutes and died from mechanical asphyxia.

15. As a result of the failure and collapse of the ROPS, Charles Leibfried and the Estate suffered the following and other injuries and damages:

    a. Medical expenses;

    b. Funeral and burial expenses;

    c. Pain and suffering prior to death; and

    d. Pecuniary damages, including prospective earnings and support and services.

16. At the time of Charles Leibfried's death, he was working within the scope of his employment at New Berlin Grading, and Sentry had issued to New Berlin Grading a policy of worker's compensation insurance that insured New Berlin Grading for all payments required to be paid as a result of the accident and Charles Leibfried's death. Sentry has made, and continues to make, payments pursuant to its insurance policy as a result of the accident and Charles Leibfried's death, and has a statutory right of recovery pursuant to Wis. Stat. §102.29.

17. New Berlin Grading was the owner of the truck. At the time of the accident, Sentry had issued to New Berlin Grading a policy of property insurance which insured the truck against property damage. As a result of the accident, Sentry paid New Berlin Grading for the property damage caused by the accident and is subrogated to the rights of New Berlin Grading to the extent of its payments.

18. At the time of Charles Leibfried's death, he was married to Kelly Leibfried. As a result of Charles Leibfried's death, Kelly Leibfried suffered loss of consortium, mental distress and anguish when requested to identify Charles Leibfried's body, pecuniary damages and loss of income and support and other damages.

## FIRST CAUSE OF ACTION: PRODUCT LIABILITY

19. Plaintiffs incorporate herein by reference the preceding paragraphs.

20. The truck contained a design defect in that the foreseeable risks of harm posed by the truck could have been reduced or avoided by the adoption of a reasonable alternative design by Caterpillar and the omission of the alternative design rendered the truck not reasonably safe. Specifically, the inadequate strength of the ROPS made it foreseeable that, in the foreseeable event of a rollover, the ROPS would collapse, resulting in the death of the operator.

21. The truck's defective design rendered it unreasonably dangerous to Charles Leibfried.

22. The defective design of the truck existed at the time the truck left Caterpillar's control.

23. The truck reached Charles Leibfried without substantial change in the condition in which it was sold.

24. The truck's defective condition was the cause of the ROPS's collapse and pain, suffering and ultimate death of Charles Leibfried, and the injuries and damages claimed by the plaintiffs.

## SECOND CAUSE OF ACTION: NEGLIGENCE

25. Plaintiffs incorporate herein by reference the preceding paragraphs.

26. Caterpillar had a duty to use reasonable care in the design of the truck.

27. Caterpillar breached its duty when it designed the truck with a ROPS which could not withstand the weight of the truck in a rollover.

28. Caterpillar's breach of its duty was a cause of the ROPS' failure and collapse and resulting injuries and damages claimed by the plaintiffs.

## THIRD CAUSE OF ACTION: WRONGFUL DEATH

29. Plaintiffs incorporate herein by reference the preceding paragraphs.

30. The design and condition of the truck was the cause of the wrongful death of Charles Leibfried.

31. The plaintiffs are entitled to recovery of their damages pursuant to Wis. Stat. §895.04.

WHEREFORE, Kelly Leibfried , the Estate and Sentry demand judgment against the defendant in an amount to be determined, plus prejudgment interest, all taxable costs and fees, and all other just and equitable relief.

Plaintiffs demand trial by jury.

Dated: December 18, 2020

    RON HARMEYER LAW OFFICE LLC
Attorneys for Kelly Liebfried, Individually and as he Sepcial Administrator of the Estate of Charles Leibfried, and Sentry Insurance A Mutual Company and Kelly Leibfried

*Electronically signed  Ronald W. Harmeyer*
_____
By: Ronald W. Harmeyer
State Bar No. 1026579
By: Nicholas J. DeStefanis
State Bar No. 1064766

330 E. Kilbourn Ave., Suite 1070
Milwaukee, WI 53202
Tel. (414) 316-2500
Fax (414) 755-7081
rharmeyer@ronharmeyerlaw.com
ndestefanis@ronharmeyerlaw.com